IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SALEH FAKHOURY, #57923-037<br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | *<br><br>*  Criminal Action No. RDB-14-0178<br>    Civil Action No. RDB-16-1630<br>*<br>***** |

## **MEMORANDUM OPINION**

On February 3, 2015, Saleh Fakhoury was sentenced on one count of conspiracy to use fire to commit a federal felony, in violation of 18 U.S.C. § 844(m). Criminal judgment was entered on February 4, 2015. *See United States v. Fakhoury*, Criminal No. RDB-14-0178 (D. Md.) at ECF No. 40. No appeal was filed.

On May 25, 2016, Fakhoury filed a self-represented Motion to Vacate pursuant to 28 U.S.C. § 2255, dated May 20, 2016, raising claims of ineffective assistance of counsel which resulted in the cancellation of the plea agreement, thus depriving him of a lesser sentence under § 5K1.1. *Id.* at ECF No. 56.

On May 26, 2016, the Court issued a show cause order granting the parties an opportunity to brief the issue of timeliness. *Id.* at ECF No. 57. On July 25, 2016, Respondent filed a response, arguing that the Motion to Vacate was time-barred. *Id.* at ECF No. 58. On August 18, 2016, Fakhoury filed a Motion to Amend as of Course pursuant to Rule 15(a), presenting "new evidence" which he claims was unavailable when he filed his original § 2255 Motion, *Id.* at ECF No. 59.

Fakhoury was convicted and sentenced on February 3, 2015. As noted, he did not file an appeal. The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that

date. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of limitations begins to run on date the court entered the judgment of conviction). Therefore, Fakhoury had until February 3, 2016, to file a timely Motion to Vacate. He did not do so.

The one-year limitation period may be forgiven if a petitioner shows that "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) ... prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show some wrongful conduct by a respondent contributed to the delay in filing, or that circumstances beyond his control caused the delay. *See Rouse*, 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2006). Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Fakhoury does not provide evidence of equitable tolling.[1] Rather, he states that he has discovered new evidence, unavailable when he originally filed his Motion on May 20, 2016. He refers to this new evidence as a "clarifying statement" which casts his role in the stated crime as that

---

[1] Fakhoury may be arguing that the one–year limitation period should be tolled as his counsel withdrew his representation after the conviction and did not file an appeal. This contention, however, does not set out an extraordinary circumstance which prevented Fakhoury from exercising due diligence and timely filing his Motion to Vacate. *See generally Holland v. Florida*, 560 U.S. 631 (2010).

of a "minimal participant," entitling him to a 4-level reduction pursuant to the newly amended § 3B1.2 of the U.S. Sentencing Guidelines Manual.[2] Fakhoury claims that his eligibility for a minor adjustment to his imposed sentence of 48 months "contradicts the need to challenge the Respondent's assertion that he is time-barred…" ECF No. 59. He seemingly contends that his § 2255 is now timely filed under § 2255(f)(3) as he is entitled to **statutory** tolling of the one-year period. The Court finds Fakhoury's argument unavailing.

28 U.S.C. § 2255(f)(3) provides that the one-year limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. On November 1, 2015, the United States Sentencing Commission ("Commission") issued Amendment 794 (the Amendment), which amended the commentary to U.S.S.G. § 3B1.2. The Commission did so, finding that minor role reductions were being "applied inconsistently and more sparingly than the Commission intended." *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). The Amendment was made retroactive by the Commission, not the Supreme Court, and applies retroactively only on direct appeal. *Id.*, at 523-524. U.S.S.G. § 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. *See United States v. Hunley*, 2016 WL 4523417, * 1-2 (W. D. Va. 2016).

Further, to the extent that Fakhoury wishes to amend his Motion to Vacate to include a challenge to his sentence under Amendment 794, his Motion to Amend shall be denied. The

---

[2] Fakhoury is referring to Amendment 794.

amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). A party may amend his pleading once as a matter of course within twenty-one days after service or, if it is a pleading requiring a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). The Fourth Circuit Court of Appeals has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross,* 313 F.3d 184, 198 n. 15 (4th Cir. 2002). In either case, leave should be freely granted and denied only where good cause exists, such as prejudice to the opposing party. *Id.* Also, leave should be denied when the amendment would be futile. *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999).

The original Motion attacks Fakhoury's conviction on grounds of ineffective assistance of counsel. It is untimely and Fakhoury provides no real grounds for equitable tolling. He may not seek to add a claim arising from a later, separate occurrence (the November 2015 Amendment to the USSG).

In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack*, 529 U.S. at 484.  Fakhoury does not satisfy this standard, and the Court declines to issue a Certificate of Appealability.   The Motion to Vacate shall be dismissed.  A separate Order follows.

Date: September 14, 2016

_____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE